PER CURIAM.
On May 11, 1993, appellee was issued a traffic citation for driving under the influence of alcohol. A breath test was conducted. A motion in limine was heard to determine the admissibility of the test results. The trial court found the test results to be inadmissible for the following reason. Chapter 92-58, *1390 sections 20 through 24, Laws of Florida, transferred to the Department of Law Enforcement (FDLE), the rulemaking authority formerly vested in the Department of Health and Rehabilitative Services (HRS). By operation of the amended statute, the FDLE was to become responsible for the adoption of rules and regulations pertaining to the administration of tests designed for the purpose of determining the blood alcohol level of persons operating motor vehicles on Florida roadways. The amended statute, and hence the authority of the FDLE, was. to become effective July 1, 1992. Chapter 92-58, Section 60, Laws of Florida, is a “savings clause” providing that:
Except when contrary to the provisions of this act, any administrative rule of the [HRS] which is in effect on the date of transfer to another agency of duties with respect to which the rule was adopted remain in effect, as rules of the respective agency to which the duties were transferred, until the rule is specifically changed in the manner provided by law.
The trial court relied on Section 120.54(12), Florida Statutes, which provides that:
Whenever an act of the Legislature is enacted which requires implementation of the act by rules of an agency within the executive branch of state government, such rules shall be drafted and formally proposed as provided herein -within 180 days of the effective date of the act unless the provisions of the act provide otherwise.
The trial court found that the “savings clause” did not save the existing rules beyond 180 days after July 1,1992, the effective date of Chapter 92-58. The trial court therefore suppressed the results of appellee’s breath test and certified the question whether the FDLE may continue to rely on the rules promulgated by HRS beyond January 1, 1993.[1]
On appeal, the state argues that in enacting Chapter 92-58, the legislature specifically provided that all HRS rules relating to transferred duties would remain in effect until those rules are changed by the FDLE. Ap-pellee, on the other hand, argues that the FDLE does not have carte blanche to allow the HRS rules to remain in effect indefinitely. Chapter Law 92-58, Section 23, provides in part:
The physical and chemical tests authorized in this section shall be administered substantially in accordance with rules adopted by the [FDLE]. Such rules shall be adopted after public hearing, shall specify the tests that are approved, and shall provide an approved method of administration.
Appellee argues that by allowing the HRS rules to remain in effect “in the manner provided by law,” Section 60 of Chapter 92-58 merely enabled the FDLE to take advantage of the 180-day grace period provided under Section 120.54(12), Florida Statutes. Although Section 120.54(12), provides a 180-day grace period “unless the provisions of the act provide otherwise,” the act does not otherwise provide.
For the following reasons, we agree with the state’s contention that the trial court erred in suppressing the results of appellee’s breath test. Chapter 92-58 transferred to the FDLE the authority to promulgate rules pertaining to the administration of physical and chemical tests for blood alcohol content. As noted by the trial judge, Section 120.54(12), Florida Statutes, provides:
Whenever an act of the Legislature is enacted which requires implementation of the act by rules of an agency within the executive branch of state government, sueh rules shall be drafted and formally proposed as provided herein within 180 days of the effective date of the act unless the provisions of the act provide otherwise, (emphasis added).
In our view, Chapter 92-58 does not require the FDLE to promulgate regulations, but merely authorizes the FDLE to do so. This view of Chapter 92-58 is supported by Section 20, which struck through the original language providing that the alcohol content tests shall conform with rules and regulations “which shall” have been adopted by HRS, in favor of language providing that alcohol content tests shall be performed in accordance with rules and regulations “that” have been *1391 adopted by the FDLE. Consistent with this view, Chapter 92-58, Section 20, states that to be valid, a test must be performed in accordance with a method “approved” by the FDLE. For this purpose, the department is “authorized” to approve satisfactory testing techniques. We also find appellee’s reliance on Chapter 92-58, Section 23, misplaced. That Section provides that physical and chemical tests authorized in this section shall be administered in accordance with rules and regulations adopted by the FDLE. This provision prescribes “how” the FDLE’s rules shall be adopted, but does not specifically require the adoption of rules and regulations by the FDLE. Turning last to the “savings clause” of Chapter 92-58, Section 60, that clause provides that the former HRS rules become the rules of the FDLE upon the transfer of authority embodied in Chapter 92-58, “until the rule is specifically changed in the manner provided by law.” The inclusion of the phrase “in the manner provided by law” does not make the “180-day rule” of Section 120.54(12) applicable where it is not otherwise applicable.
In conclusion, the FDLE does, indeed, possess the discretion to decline to promulgate rules and regulations respecting the testing of blood alcohol level and may continue to enforce the rules promulgated by HRS.
REVERSED and REMANDED for further consistent proceedings.
MINER, LAWRENCE and BENTON, JJ., concur.

. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(4) and 9.160.