PER CURIAM.
This cause is before us on appeal from the trial court’s order granting appellee Durden’s motion to suppress results of a blood test requested by a law enforcement officer at the scene of Durden’s automobile accident, based upon the trial court’s finding that the law enforcement officer “was not possessed with sufficient facts at the time the blood alcohol test was performed from which to formulate the requisite probable cause to request the blood test in the first instance” under section 316.1933(1), Florida Statutes (1993).[1]
Probable cause to order a blood test exists under section 316.1933(1) if an officer, based upon reasonably trustworthy information, has knowledge of facts and circumstances sufficient to cause a person of reasonable caution to believe that the suspect driver was under the influence of alcoholic beverages at the time of the accident and caused the death or serious bodily injury of a human being. Probable cause must be based on objective facts and circumstances, not on the officer’s personal opinions or suspicions. Jackson v. Florida, 456 So.2d 916, 918 (Fla. 1st DCA 1984).
Uncontradicted record evidence in the present case establishes (and Durden conceded at oral argument) that (1) Durden’s Jeep was approximately six feet across the center line at the time of impact; (2) there was an open container of liquor in the Jeep; and (3) there was an ice chest and beer cans lying around the Jeep. Despite conflicting evidence regarding other matters (including whether there was the smell of alcohol on Durden’s breath), we find as a matter of law that this uncontradicted evidence, along with the serious bodily injuries suffered by the driver of the other car involved in the accident, provided probable cause for the police officer to request a blood test under section 316.1933(1). See Robertson v. State, 604 So.2d 783 (Fla.1992).
REVERSED.
BOOTH, JOANOS and WOLF, JJ., concur.

. Durden concedes that the trial court's alternative basis for granting his suppression motion must be reversed pursuant to this court's recent opinion in State v. Rasmussen, 644 So.2d 1389 (Fla. 1st DCA 1994).